UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HAROLD SPENCER BELLAMY          CIVIL ACTION NO. 5:13-cv-0359
    LA. DOC #123139
VS.                             SECTION P

                                   JUDGE ELIZABETH E. FOOTE

WARDEN TERRY TERRELL           MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

Petitioner Harold Spencer Bellamy, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on February 13, 2013. Petitioner attacks his 1991 conviction for armed robbery and the 75 year hard labor sentence imposed by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed **SUCCESSIVE** and that it be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

*Background*

Petitioner was found guilty as charged of armed robbery following trial by jury in the First Judicial District Court, Caddo Parish. On July 12, 1991, he was adjudicated a third felony offender and sentenced to serve 75 years at hard labor without benefit of parole. His conviction, adjudication, and sentence were affirmed on direct appeal. *State of Louisiana v. Harold Spencer Bellamy*, 23605 (La. App. 2 Cir. 4/8/1992), 599 So.2d 326, *writ denied* 605 So.2d 1089 (La. 9/4/1992). His attempts to obtain post-conviction relief in the trial court, the court of appeals and the Supreme Court were ultimately unsuccessful. *State of Louisiana ex rel. Harold S. Bellamy v.*

*State of Louisiana*, 667 So.2d 1048 (La. 2/16/1996).

He challenged his conviction by filing a petition for writ of *habeas corpus* in this Court on November 22, 1996.  On April 3, 1998, his petition was denied and dismissed with prejudice on the merits by Judge Donald E. Walter. *Harold Spencer Bellamy vs. Warden, L.S.P.,* Civil Action No.  5:97-cv-0137.

As noted above, he filed the instant petition on February 13, 2013.  He raises a single claim for relief, i.e., that the trial court erroneously charged the jury on the law of principals in violation of his 6th and 14th Amendment rights.  He admits that this petition is successive but claims that he is entitled to relief because he is actually innocent. [Doc. 1-2]

### *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   This petition is successive and petitioner has not yet received permission from the Court of Appeals to file it in the District Court.  *In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate.  Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Section 2244(b) divests this Court of jurisdiction to consider petitioner's

successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus*  be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana , May 1, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE